**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IRVIN SYLVESTER DOYE, #37466-037 : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Civil Action No.  CCB-07-176 |
| : | |
| UNITED STATES ATTORNEY'S OFFICE, : | |
| et al. : | |
| : | |

. . . . . . .o0o. . . . . . .

**MEMORANDUM**

This is a pro se *Bivens*[1] complaint filed by Irvin Sylvester Doye, an inmate at Federal Correctional Institution- Gilmer, seeking damages against the United States Attorney's Office, the Honorable Alexander Williams, Jr., William Henry, Chief Probation Officer, Stuart A . Berman, Assistant United States Attorney for the District of Maryland, and Ricardo Zwaig, Esq. Plaintiff has requested and will be granted leave to proceed in forma pauperis.  As such, his claims are reviewed pursuant to 28 U.S.C. § 1915A.  This provision requires courts to screen civil actions brought by prisoners, and dismiss complaints which fail to state a claim upon which relief may be granted or seek monetary relief from a defendant or defendants immune from such relief.  Upon review of the pleadings, the court concludes that the complaint must be dismissed *sua sponte* under  28 U.S.C. §1915A(a) & (b).

**II.  Claims Presented**

The gravamen of plaintiff's complaint is that *United States v. Booker*, 543 U.S. 220 (2005) declared the United States Sentencing Guidelines "unconstitutional" and each defendant participated

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); s*ee also* 28 U.S.C. §1331.

in sentencing him under these "unconstitutional" Sentencing Guidelines.[2] Doye does not assert that his sentence exceeded the maximum sentence authorized by his guilty plea. Instead, he broadly argues that he was unconstitutionally sentenced because "[a]ny one imprisoned under the U.S.S.G. after the *Booker* ruling [is] being held unlawfully under an 'unconstitutional' law."[3] Complaint at 1.

Contrary to Doye's assertions, *Booker* did not invalidate all sentences imposed under the United States Sentencing Guidelines. Rather it held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond reasonable doubt." *Booker*, 543 U.S. at 244. *Booker* "held unconstitutional the common practice under the mandatory Guidelines of using judicially found facts to increase a defendant's sentence beyond that possible on the basis of facts found by a jury or admitted by the defendant himself." *See United States v. Guyon,* 474 F.3d 114, 117 (4th Cir. 2006). *Booker* "remedied" the constitutional problem by "'sever[ing] and excis[ing] the "provision of the federal sentencing guidelines that makes the Guidelines mandatory," along with another provision that "'depend[ed] upon the

---

[2] On June 20, 2003, the Honorable Alexander Williams, Jr., sentenced Doye to 188 months imprisonment after Doye pleaded guilty to distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. §841 (a)(1)&(b)(1)(B) and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). *See United States v. Doye*, Criminal Action No. AW-03-22 (D. Md.). Doye's subsequent 28 U.S.C. §2255 motion to vacate, set aside or correct was denied on January 31, 2005. *See Doye v. United States*, Civil Action No. AW-04-1959 (D. Md.).

[3] Damages may not be awarded for an allegedly unconstitutional term of imprisonment before issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned.). Further, the rule of law announced in *Booker* does not apply retroactively on collateral review. *See United States v. Morris*, 429 F.3d 65, 66-7 (4th Cir. 2005).

Guidelines' mandatory nature." *Id.*, at n. 2 (citing *Booker*, 543 U.S. at 245.)

In evaluating the claims presented, the court accepts as true all well-pleaded allegations of fact and views them in the light most favorable to plaintiff. *See Jenkins v. McKeithen,* 395 U.S. 411, 421-22 (1969). This does not mean, however, that the court can ignore a clear failure in the complaint to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 390-91 (4th Cir.1990). Doye's claim is factually and legally without merit.[4] Consequently, the complaint must be dismissed for failure to state a constitutional claim for relief against defendants.

## II. Claims against Individual Defendants

### A. Immunity

*Bivens* actions against federal officials are generally subject to the principles of immunity which govern claims brought pursuant to 42 U.S.C. §1983. *See Lyles v. Sparks*, 79 F. 3d 372, 376 n. 4 (4th Cir. 1996); *Ehrlich v. Giuliani*, 910 F. 2d 1220, 1222 n.2 (4th Cir. 1990). Plaintiff's claims are premised on the roles each defendant played during his criminal proceedings.

First, Doye claims Judge Williams violated his rights by sentencing him under "an unconstitutional law," the United States Sentencing Guidelines. Complaint at 3. Judge Williams is immune from §1983 liability under the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Where as here, a federal judge is acting in his official capacity, *i.e.* imposing sentence after conviction, he is protected from suit from actions for damages by the doctrine of judicial immunity. *See Mireles,* 502 U.S. at 9-10; *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992).

---

[4] Doye's bald claim that *Booker* violates *ex post facto* guarantees is devoid of legal merit. *See United States v. Davenport*, 445 F.3d 366, 369-70 (4th Cir. 2006); *United States v. Williams*, 444 F.3d 250, 253-54 (4th Cir. 2006).

Doye next seeks to hold William Henry, Chief U.S. Probation Officer, liable for calculating his sentence under an "unconstitutional law." Complaint at 4. A federal probation officer is entitled to immunity for actions taken to prepare reports for the sentencing judge. *See e.g. Dorman v. Higgins*, 821 F. 2d 133, 136-38 (2d Cir. 1987) (stating probation officers act "as an arm of the court" when gathering and providing information for the court to perform its sentencing obligations); *Demoran v. Witt,* 781 F.2d 155, 157 (9th Cir. 1986) ("Probation officers preparing presentencing reports serve a function integral to the independent judicial process").[5]

Assistant United States Attorney Stuart Berman is also immune for actions performed during the course of the criminal proceedings. *See Imbler v. Pachtman*, 424 U.S. 409, 422-24 (1976); *Lyles*, 79 F.3d at 376. The federal prosecutor's actions during sentencing were "intimately associated with the judicial phase of the criminal process." *Imbler*, 242 U.S. at 430. As such, Berman's actions are entitled to judicial immunity.

**B. Requirement that Official Act Under the Color of Federal Law**

Plaintiff's appointed counsel, Ricardo Zwaig, was not a federal official subject to *Bivens*. Nor would he be subject to suit under 42 U.S.C. § 1983, because neither appointed nor retained counsel act under color of law when representing a defendant during criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case). Doye's claims against the United States Attorney's Office also must be dismissed because a *Bivens* cause of action is only available against federal officers in their individual capacities. *See FDIC v.*

---

[5]Also, it is likely that an assistant probation officer, not the Chief Probation Officer, prepared the pre-sentencing report and guidelines recommendations submitted to the court. If it was plaintiff's intent to hold Chief Probation Officer Henry responsible under respondeat superior, supervisory liability is not available to form the basis of a constitutional claim in a *Bivens* action. *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

*Meyer*, 510 U.S. 471, 484-86 (1994); *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996).

Doye also briefly refers to raising his claim under the Federal Tort Claims Act, which waives the federal government's traditional immunity from suit for claims based on the negligence of its employees. *See* 28 U.S.C. § 1346(b)(1). Doye, however, fails to allege how the actions of defendants were negligent and, in fact, asserts defendants' actions were deliberate and malicious. Further, it is unclear whether these claims are exhausted. Thus, to the extent plaintiff seeks to present a tort claim, it also will be dismissed.

## III. Conclusion

For these reasons, the court will dismiss the complaint pursuant 28 U.S.C. § 1915A. An order consistent with this memorandum follows.

February 23, 2007                                                 ____/s/_____
Date                                                               Catherine C. Blake
                                                                            United States District Judge